Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5707 | **DATE** | May 13, 2011 |
| **CASE TITLE** | Lynch v. Village of Hawthorn Woods et al | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss (doc. #14). Status hearing set for June 2, 2011 at 9:30 a.m.

■ [ For further details see attached below.]   Docketing to mail notice.

## STATEMENT

    Kimberly Lynch sued her former employer, the Village of Hawthorn Woods, and several of its officials, alleging that the Village demoted and terminated her in retaliation for her support of the Village's former mayor. The Defendants move to dismiss, arguing that Lynch's claims are barred by legislative immunity, the Tort Immunity Act, and that her claims are insufficient.
    Lynch alleges that she had served the Village, first as a trustee and then as its Director of Parks and Recreation, since 2001. Among other things, Lynch claims she was instrumental in bringing a state-of-the-art aquatic center to the Village. In January 2009, then-Village Mayor Keith Hunt announced that he would not seek reelection, leaving the mayor's race with a single candidate, Defendant Joseph Mancino. Later in 2009, Mancino and his slate of candidates for other positions in the Village (who are also Defendants) assumed office.
    Lynch alleges that after the Defendants assumed office, they began to redefine positions within the Village, providing preferred positions to supports and ostracizing members of the former Mayor's administration. Lynch spoke against some of the hires that she believed could not be incorporated into the Village's budget. Lynch also spoke against the Defendants' attendance at conferences that she believed wasted taxpayers' money.
    In October 2009, due to a restructuring plan to combat budget deficits, the Village eliminated Lynch's position as Director of Parks and Recreation and assigned her to an 8-month position as Manager of the Aquatic Center. The change reduced Lynch's salary, but the letter informing her of the change noted that the demotion did not reflect a dissatisfaction with her job performance. In December 2009, Lynch was furloughed from her position, to return in March, 2010. According to Lynch, while she was on furlough, the Village posted a position for a Parks and Recreation Coordinator and hired a person as the Aquatic Center Coordinator. When Lynch

## STATEMENT

returned to work, the Village terminated her. The Defendants told her she had a number of performance deficiencies, but refused to discuss them. Lynch's personnel file revealed no performance deficiencies. According to Lynch, Mayor Mancino also told her that she was being terminated because she was not supportive of his administration. Lynch sued the Village and individual Defendants, alleging that they retaliated against her for exercising her First Amendment Rights (Count I), terminated her in violation of her due process rights (Count II), conspired to violate her constitutional rights (Count III), and violated the Illinois Wage Payment Collection Act (Count IV).

The Defendants' principal argument is that legislative immunity bars Lynch's claims. Under the doctrine of legislative immunity, local and state legislators are absolutely immune from federal suit for personal damages for their legitimate legislative activity. *Bogan v. Scott-Harris*, 523 U.S. 44, 55, 118 S.Ct. 966, 140 L.Ed.2d 79 (1988). The purpose of legislative immunity "is to insure that the legislative function may be performed independently without fear of outside interference." *Supreme Court of Virginia v. Consumers Union, Inc.*, 446 U.S. 719, 732, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980); *see also Forrester v. White*, 484 U.S. 219, 223, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (observing that the threat of litigation may inhibit officials in the good faith performance of their duties).

Legislative immunity, however, shields legislators from liability only for their legislative, and not their administrative, acts. *Bogan*, 523 U.S. at 55-56; *Baird v. Bd. of Educ. for Warren Cmty. Unit Sch. Dist. No. 205*, 389 F.3d 685, 696 (7th Cir. 2004). While the privilege extends to a budgetary decision to eliminate a position, it does not extend to a decision to hire or fire a particular employee. *Bogan*, 523 U.S. at 55-56; *Baird*, 389 F.3d at 696. The parties agree that Lynch has pleaded that the individual Defendants' decision to eliminate her position as Director of Parks and Recreation is a legislative one, and thus barred by legislative immunity. The Defendants, however, argue that because Lynch argues that she was demoted and terminated that her later termination also is legislative. This argument is frivolous. Simply because Lynch argues that both her demotion and her termination were motivated by a desire to retaliate for her support of a prior administration does not mean that the later decision to terminate her is magically transformed into a legislative act. Rather, it simply means that even though the decision to demote her may have been retaliatory, the doctrine of legislative immunity nonetheless bars Lynch's claims against the individual Defendants that are based on her demotion. Accordingly, the Court GRANTS in part and DENIES in part the individual Defendants' motion to dismiss Count I of Lynch's Complaint. Defendants argue that Lynch's conspiracy claims should be dismissed because she cannot state a claim for an underlying tort. Because the Court did not dismiss Count I of Lynch's complaint in its entirety, this argument is without merit. The Court DENIES Defendants' motion to dismiss Count III of Lynch's Complaint.

Lynch makes no response to the Defendants' motion to dismiss Counts II and IV of her complaint. She suggests that because there are limited remedies for due process claims, she is willing to dismiss that claim. With regard to her IWPCA claim, Lynch asks the court to dismiss it without prejudice so that she may determine, after reading this order, how to proceed with that claim. But if Lynch is willing to dismiss that claim, the Court cannot and will not issue an advisory opinion. Moreover, such a strategy is not appropriate. Lynch cannot bide her time, assess how the lawsuit progresses, and then choose when and if to press certain claims. By failing to respond to the merits of Defendants' arguments that her claims were insufficient, the Court concludes that Lynch has abandoned these claims, and the Court dismisses them with prejudice.

*[signature]*